O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA M. RITCHIE, | ) Case No. CV 09-02484 DDP (JWJx) |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS** |
| COMMUNITY LENDING CORPORATION, FIRST AMERICAN TITLE COMPANY, QUALITY LOAN SERVICE CORPORATION, and DOES 1 through 50, | ) [Motion filed on May 13, 2009] |
| Defendants. | ) |

This matter comes before the Court on Defendant Quality Loan Service Corporation's Motion to Expunge Lis Pendens. Plaintiff Myra M. Ritchie, who entered into an Adjustable Rate loan agreement brings this suit against Community Lending Incorporated[1], First American Title Company, Quality Loan Service Corporation, and Does 1-50 for violations of law related to disclosures about the loan. Specifically, the Complaint seeks to allege violations of California's Predatory Lending Act, California Financial Code §

---

[1] In the Complaint, Defendant Community Lending Incorporated is incorrectly sued under the name Community Corporation.

4970 *et seq.*; the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1602 *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.* After reviewing the materials submitted by the parties and considering the argument therein, the Court grants the Motion to Expunge Lis Pendens.

**I.   BACKGROUND**

On September 28, 2005, Plaintiff Myra M. Ritchie ("Plaintiff") borrowed $359,650 under a promissory note to purchase a home located at 1400 Yale Place, Santa Maria, California 93458 ("Subject Property"). (Mot. to Dismiss 2.) Plaintiff executed a Deed of Trust ("Deed") in favor of Defendant Community Lending Incorporated[2] ("Community") to secure the loan against the Subject Property. (Mot. to Dismiss 2.)

On September 30, 2008, Quality Loan Service Corporation ("Quality"), as agent for the beneficiary of the Deed, commenced a non-judicial foreclosure against the Subject Property by recording and serving a Notice of Default and Election to Sell Under the Deed. (Mot. to Dismiss 2.) The Notice of Default provided that, as of September 26, 2008, the accrued arrears on the Subject Property loan totaled $11,148.12. (Mot. to Dismiss 2.) On December 31, 2008, Quality issued a Notice of Trustee's Sale ("Notice") of the Subject Property. (Mot. to Dismiss 3.) The Notice of Trustee's Sale was recorded on January 2, 2009. (Mot. to Dismiss 3.)

---

[2] In the Complaint, Defendant Community Lending Incorporated is incorrectly sued under the name Community Corporation.

2

On January 30, 2009, Plaintiff filed the case at bar against Defendants Community, First American Title Company ("First American"), and Quality (Collectively, "Defendants"), alleging the following seven (7) causes of action:

1. Declaratory Relief, statutory rescission and damages based on the allegations that the contract was in English and not Spanish, and that the true interest rate, loan repayment terms, and costs and fees for the loan were not properly disclosed.
2. Set Aside of the Notice of Trustee's Sale and Notice of Default based on the allegations that Plaintiff was not properly served a Notice of Default and that Defendants were required to be in actual possession of the original Promissory Note and Deeds of Trust.
3. Cancellation of Instruments based upon the allegation that the Notice of Trustee's Sale and Notice of Default are voidable because of statutory violations.
4. Quiet Title to Real Property based on the allegation that Plaintiff is the fee title owner of the subject property.
5. Accounting based on the allegation that Plaintiff is entitled to a detailed accounting calculation and summary of the payoff balance.
6. Injunctive Relief based on the allegation that Defendants are threatening to deprive Plaintiff of her title and interest in real property.
7. Damages based on allegations of statutory violations.

(Compl. ¶¶ 1-45.) On April 9, 2009, Quality removed the case at bar to this Court. (Mot. to Dismiss 3.) On May 12, 2009,

3

Defendant Quality filed a Motion to Dismiss[3] pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket 6.) Plaintiff recorded a Lis Pendens at the Santa Barbara County Recorder's Office [instrument number 2009-0004978] on January 30, 2009. (Request for Judicial Notice, Ex. E at 1-2.) On May 13, 2009, Defendant Quality filed a Motion to Withdraw Lis Pendens and Award of Costs and Attorneys' Fees. (Docket 9.) Plaintiff has not opposed the Motion to Expunge Lis Pendens.

## I. DISCUSSION

California Code of Civil Procedure Section 405 governs the recording of Lis Pendens. "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code 405.20 (2009). The purpose of Lis Pendens is to "give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Fed. Deposit Ins. Corp. v. Charlton, 17 Cal.App.4th 1066, 1069 (1993). Lis Pendens clouds real property title, oftentimes for lengthy durations, because the recording of Lis Pendens, unless it is expunged, lasts until the resolution of the pending action.

"The Lis Pendens procedure [is] susceptible to serious abuse, providing unscrupulous Plaintiffs with a powerful lever to force the settlement of groundless or malicious suits." Malcolm v. Superior Court, 29 Cal.3d 518, 524 (1981). In order to alleviate potential abuses in the filing of Lis Pendens claims, the Legislature created prejudgment procedures for their expungement.

---

[3] The Court address Quality's Motion to Dismiss in a separate order.

4

See Malcolm, 29 Cal.3d at 524-25.  Therefore, "[a]t any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice."  Cal. Civ. Proc. Code § 405.30 (2009). A Lis Pendens should be expunged if it is found that, "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."  Cal. Civ. Proc. § 405.32. Moreover, "it is the party attempting to sustain a lis pendens, rather than the party seeking expungement, who bears the burden of proving the propriety of the lis pendens under the applicable statutory standard."  Malcolm, 29 Cal.3d at 521.  Where a Motion to Expunge Lis Pendens is successful, "[t]he court shall direct that the party prevailing on [a Motion to Expunge Lis Pendens] be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."  Cal. Civ. Proc. Code § 405.38.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition or a statement of non-opposition to any motion at least fourteen (14) days prior to the date designated for the hearing of the motion.  See C.D. Cal. L.R. 7-9.  Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or th failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12.

Plaintiff has not met her burden to establish the probable validity of the real property claim.  As discussed in the Court's Order Granting Defendants Motion to Dismiss, all of Plaintiff's causes of action fail to state a claim upon which relief can be granted.  Additionally, Plaintiff has not filed a response to the Motion to Expunge Recorded Lis Pendens and Award of Attorneys Fees. For both of these reasons, the Court GRANTS the Motion to Expunge Lis Pendens.

**II. CONCLUSION**

    For the aforementioned reasons, the Motion to Expunge Lis Pendens is GRANTED. Moreover, because the Court finds that Plaintiff did not act with substantial justification in the filing of Lis Pendens nor did she allege a valid real property claim, the Court hereby awards Quality the amount of $1,250 for which Plaintiff Myra M. Ritchie and her counsel, James Curtis are jointly and severally liable.

IT IS SO ORDERED.


Dated: August 12, 2009

DEAN D. PREGERSON
United States District Judge