O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA M. RITCHIE, | ) Case No. CV 09-02484 DDP (JWJx) |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING MOTION TO DISMISS** |
| COMMUNITY LENDING CORPORATION, FIRST AMERICAN TITLE COMPANY, QUALITY LOAN SERVICE CORPORATION, and DOES 1 through 50 | ) [Motion filed on May 12, 2009] |
| Defendants. | ) |

This matter comes before the Court on Defendants Quality Loan Service Corp.'s and First American Title Company's Motions to Dismiss for Failure to State a Claim. Plaintiff Myra M. Ritchie, who entered into an Adjustable Rate Mortgage, brings this suit against Community Lending Incorporated[1], First American Title Company, Quality Loan Service Corporation, and Does 1-50 for violations of law related to disclosures about the loan. Specifically, the Complaint seeks to allege violations of

---

[1] In the Complaint, Defendant Community Lending Incorporated is incorrectly sued under the name Community Corporation.

California's Predatory Lending Act, California Financial Code § 4970 *et seq.*; the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1602 *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.* Plaintiff late-filed her Opposition. After reviewing the materials submitted by the parties and considering the arguments therein, the Court grants the Motion to Dismiss with leave to amend.

**I.   BACKGROUND**

On September 28, 2005, Plaintiff Myra M. Ritchie ("Plaintiff") borrowed $359,650 under a promissory note to purchase a home located at 1400 Yale Place, Santa Maria, California 93458 ("Subject Property"). (Compl. ¶ 7.) Plaintiff executed a Deed of Trust ("Deed") in favor of Defendant Community Lending Incorporated[2] ("Community") to secure the loan against the Subject Property. (Compl. ¶ 11.)

On September 30, 2008, Quality Loan Service Corporation ("Quality"), as agent for the beneficiary of the Deed, commenced a non-judicial foreclosure against the Subject Property by recording and serving a Notice of Default and Election to Sell Under the Deed. (Compl. ¶¶ 21-22.) Quality issued a Notice of Trustee's Sale of the Subject Property that was recorded on January 2, 2009. (Compl. ¶ 28.)

On January 30, 2009, Plaintiff filed this case against Defendant's Community, First American Title Company ("First American"), and Quality (Collective, "Defendants"). Plaintiff asserts the following seven (7) causes of action:

1. Declaratory Relief, statutory rescission and damages based on the allegations that the contract was in English and not Spanish, and that the true interest rate, loan repayment terms, and costs and fees for the loan were not properly disclosed.
2. Set Aside of the Notice of Trustee's Sale and Notice of Default based on the allegations that Plaintiff was not properly served a Notice of Default and that Defendants were required to be in actual possession of the original Promissory Note and Deeds of Trust.
3. Cancellation of Instruments based upon the allegation that the Notice of Trustee's Sale and Notice of Default are voidable because of statutory violations.
4. Quiet Title to Real Property based on the allegation that Plaintiff is the fee title owner of the subject property.
5. Accounting based on the allegation that Plaintiff is entitled to a detailed accounting calculation and summary of the payoff balance.
6. Injunctive Relief based on the allegation that Defendants are threatening to deprive Plaintiff of her title and interest in real property.
7. Damages based on allegations of statutory violations.

(Compl. ¶¶ 1-45.) On April 9, 2009, Quality removed the case at bar to this Court. (Mot. to Dismiss 3.) On May 12, 2009, Defendant Quality filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket 6.) On June 10, 2009, Defendant First American joined in Quality's Motion to Dismiss. (Docket 15.) On June 24, 2009, Plaintiff filed a late Opposition

to Defendants Motion to Dismiss (Docket 18.)[3]  Defendant First American filed a Reply to Plaintiff's Opposition on June 25, 2009 (Docket 24) and Defendant Quality filed a Reply to Plaintiff's Opposition on July 13, 2009.  (Docket 26.)  On May 13, 2009, Defendant Quality filed a Motion to Withdraw Lis Pendens and Award of Costs and Attorneys' Fees.  (Docket 9.)[4]

**II.  LEGAL STANDARD**

A complaint is properly dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When considering a 12(b)(6) motion, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  A court properly dismisses a complaint under Rule 12(b)(6), based upon the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under the cognizable legal theory." Baliesteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  The plaintiff's obligation requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation

---

[3] Plaintiff's Opposition to Quality's Motion to Dismiss submits boilerplate language to the Court that addresses arguments never raised in Quality's Motion to Dismiss and raises arguments that are completely inapplicable to the Motion to Dismiss. For example, Plaintiff's Opposition to Quality's Motion to Dismiss responds to an issue of Federal "preemption" of state law.  This is an issue that Defendant's Quality and American Title never discuss. Additionally, Plaintiff's Opposition makes repeated reference to the law of contracts, however, there is no breach of contract cause of action in the Complaint.

[4] The Court addresses Quality's Motion to Withdraw Lis Pendens and Award of Costs and Attorneys' Fees in a separate Order.

4

omitted). However, the complaint must state "only enough facts to state a claim to relief that is plausible on its face." Id. at 547. A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III. DISCUSSION**

    A.   <u>Jurisdiction</u>

Plaintiff argues that, because she claims to seek relief primarily from California law, the Court should remand the case back to State court. (See Opp'n to Mot. to Dismiss 3-4.) The Court reads Plaintiff's Complaint as attempting to allege violations of the Federal Truth In Lending Act, Home Ownership and Equity Protection Act and Federal Trade Commission Act, causes of action arising under federal law, which appears to provide this Court with subject matter jurisdiction over the matter. (See Compl. ¶ 19.)

    B.   <u>First Cause of Action: Declaratory Relief</u>

California Code of Civil Procedure Section 1060 governs claims for declaratory relief. Declaratory relief is applicable only in cases of "actual controversy." Cal. Civ. Proc. Code § 1060 (2003). The purpose of a declaratory judgment is to serve some practical end in quieting disputed jural relations. <u>Venice Town Council, Inc. v. City of Los Angeles</u>, 47 Cal. App. 4th 1547, 1566 (1996) (citations omitted). Additionally, where there are other causes of action that could provide relief, refusal of declaratory relief is justified and is left to the discretion of the court. <u>California Ins. Guar. Ass'n. v. Superior Court</u>, 231 Cal. App. 3d 1617, 1624 (1991). Where a plaintiff fails to plead the causes of action

underlying her claim for declaratory relief, a court should dismiss that cause of action.

As discussed below, Plaintiff has alleged no facts to support a claim for declaratory relief because Plaintiff has not pled a viable cause of action for either rescission or predatory lending.

### 1. Translation of Contract Negotiated in Foreign Language

Plaintiff asserts that she is not conversationally fluent in, nor can she readily read or understand, the English language. (Compl. ¶ 12.) Plaintiff argues that, pursuant to California Civil Code Section 1632, she is entitled to declaratory relief because she was not provided a copy of her Promissory Note and Deed of Trust in Spanish. (Compl. ¶¶ 13-14.) California Civil Code Section 1632 provides that any person engaged in a business or trade who negotiates primarily in Spanish shall deliver to the other party to the contract or agreement, before the execution of the agreement or contract, a translation in Spanish of every term and condition in the contract or agreement. Cal. Civ. Code § 1632(b) (2007). Failure to comply with Section 1632 allows the aggrieved party to rescind the contract and provides a mechanism for restitution. See Cal. Civ. Code § 1632(k) (2007). Defendants argue that the first cause of action should be dismissed because Plaintiff is unable to restore everything of value received under the loan.

#### a. Ability to Restore Consideration

Defendants Quality and First American argue that the contract cannot be rescinded because in order to rescind, the borrower must (a) give notice of rescission and (b) restore everything of value

6

received under the contract. Cal. Civ. Code § 1691 (2003). The statute provides that when either notice of rescission has not been provided or restoration made, "the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both." Cal. Civ. Code § 1691 (2003). However, it is a "basic rule" that "[a]n offer of performance is of no effect if the person making it is not able and willing to perform according to the offer." Cal. Civ. Code § 1495 (2003); see also Karlson v. American Sav. and Loan Ass'n., 15 Cal. App. 3d 112, 118 (1971) ("Simply put, if the offeror is without the money necessary to make the offer good and knows it the tender is without legal force or effect.") (citations omitted).

Here, Plaintiff has not alleged that she offered to restore everything of value received under the Subject Loan, and likewise has not made allegations that would allow the Court to infer that she had the means to do so. Without such an offer and a showing that Plaintiff's offer is meaningful, the Complaint must be dismissed.

2. Predatory Lending Allegation

Defendants argue that (1) they have not violated the Federal Truth in Lending Act ("TILA"), Home Ownership and Equity Protect Act ("HOEPA"), or California's Predatory Lending Law and (2) that Plaintiff does not allege sufficient facts but provides speculative allegations that are insufficient to survive a Motion to Dismiss. Defendants also argue that the Federal Trade Commission Act does not provide a private right of action. Plaintiff alleges that Defendant engaged in deceptive loan practices, including failing to disclose what the interest rate was, terms of loan repayment, and

the costs and fees for the loan, in violation of the Home Ownership and Equity Protection Act, 15 U.S.C. §1601 *et seq.*; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* and the Federal Trade Commission Act ("FTC"), 15 U.S.C. § 41, *et seq.* (Compl. ¶¶ 21-31.)

### a. California Financial Code Section 4970 *et seq.*

Plaintiff alleges that Defendants engaged in predatory lending practices, in violation of California's Predatory Lending Law, California Financial Code § 4970, *et seq.* (Compl. ¶ 16.) Plaintiff alleges that Defendant never disclosed that the subject loan contained a yield spread premium (YSP). (Compl. ¶ 16.) Plaintiff also alleges that certain mandatory fee disclosures were not made, in violation of California Financial Code § 4970, *et seq*. (Compl. ¶ 16.)

California's Predatory Lending Act provides certain requirements and prohibitions for covered loans. Covered loans are those in which either: 1) the annual percentage rate of the mortgage or deed of trust must exceed more than eight percentage points the yield on comparable treasury securities; or 2) the total fees paid by the consumer, at or before closing, must be in excess of six percent of the total loan amount. Cal. Fin. Code § 4970(b). Plaintiff's Complaint does not contain sufficient allegations from which the Court can infer that the loan is a loan covered by California's predatory lending law.[5] See Twombly, 550 U.S. at 547.

### b. Truth in Lending Act

---

[5] To the extent Plaintiff attempts to allege that YSP brings the loan into the "covered loan" term because it was paid "at or before closing," the Court refers Plaintiff to Wolski v. Fremont Investment & Loan, 127 Cal. App. 4th 347, 351 (2005).

8

Plaintiff's first cause of action also includes an allegation that Defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. The purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available." 15 U.S.C. § 1601(a). Additionally, claims filed under TILA have a one-year statute of limitations. 15 U.S.C. § 1640(e).

The Complaint alleges Defendants violated TILA but fails to articulate how or why this is the case. Beyond Plaintiff's allegations regarding the lack of disclosure of a Yield Spread Premium, Plaintiff makes only general, conclusory allegations that Defendants did not disclose certain terms regarding the loan, including the exact interest rate contained in the Promissory Note and the effect of Adjustable Rate Mortgage (ARM) payments. Plaintiff does not make specific allegations explaining what she was required to pay or the nature of her loan that would allow the Court to infer that certain TILA requirements were necessary. Given the generally boilerplate nature of Plaintiff's allegations, the Court dismisses the TILA allegation, encompassed within the Declaratory Relief cause of action, against Defendants Quality and First American.

              c.   <u>Home Ownership and Equity Protection Act</u>

In 1994, Congress amended TILA by adding additional disclosure obligations and other requirements for certain high-cost mortgages covered under the HOEPA.[6] Defendants Quality and American Title

---

[6] HOEPA applies to:

[A] consumer credit transaction that is
(continued...)

9

argue that Plaintiff has failed to allege facts that establish that the subject loan is the type of high-risk loan subject to the additional disclosure obligations and various other requirements under HOEPA. (Mot. to Dismiss 9-10.) The Court agrees. Nothing in the Complaint alleges facts supporting an inference that the HOEPA requirements are applicable to the subject loan. The Court therefore dismisses the HOEPA allegation, encompassed within the Declaratory Relief cause of action, against Defendants Quality and First American Title.

d. Federal Trade Commission Act

The Federal Trade Commission Act ("FTCA") created the Federal Trade Commission to monitor unfair trade practices. The FTCA, however, "does not provide private persons with an administrative remedy for private wrongs." Federal Trade Comm'n v. Klesner, 280 U.S. 19, 25 (1929). In addition, similar to the problems with the Complaint's TILA and HOEPA allegations, Plaintiff fails to specify how the Defendants have violated the Federal Trade Commission Act,

---

[6](...continued)
secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (B) the total points and fees payable by the consumer at or before closing will exceed the greater of (i) 8 percent of the total loan amount; or (ii) $400.

15 U.S.C. § 1602 (aa).

15 U.S.C. § 45, *et seq*.  Thus, the Court dismisses the FTCA allegation, encompassed within the Declaratory Relief cause of action. against Defendants Quality and First American.

For all of the aforementioned reasons, the Court dismisses, with leave to amend, Plaintiff's first cause of action for declaratory relief against Defendants Quality and First American.

### C. Second Cause of Action: Void, Cancel and Set Aside

Defendants argue that Plaintiff received a copy of the Notice of Default and Notice of Sale, that Plaintiff has failed to state a claim to make the Deed void or voidable, and that Defendants have abided by the statutory requirements governing foreclosure processes.  Plaintiff alleges that Quality failed to serve Plaintiff a copy of the Notice of Default and Notice of Sale. (Compl. ¶ 25.)  Plaintiff also alleges that the Deed of Trust and Promissory Note were based on "violations of statute and were derived through a process of predatory practices" and are therefore void.  (Compl. ¶ 27.)  In the alternative, Plaintiff argues that Quality must be in actual possession of the Promissory Note prior to commencing a non-judicial foreclosure of the Subject Property. (Compl. ¶ 30.)

#### 1. Service Notice of Default and Notice of Sale

Plaintiff claims she was never served with a Notice of Default or Notice of Sale, as required by California Statute.  (Compl. ¶ 23.)  However, Plaintiff also claims that she made a timely demand for a Beneficiary Statement[7], including a detailed accounting of

---

[7] "Beneficiary Statement" is defined in California Civil Code Section 2943(a)(2) as a written statement that includes:

(continued...)

11

the summary of payoff balance, including the unpaid principal balance, accrued interest, unpaid interest, and other costs and fees that comprise the payoff sum.  (Compl. ¶ 38.)

California statute requires a trustee to file a notice of default and election to sell with the county recorder.  Cal. Civ. Code § 2924(a)(1) (2009).  Further, the trustee is required to mail a copy of the default statement to the trustor. Cal. Civil Code § 2924b(e) (2009).  There are two purposes for the requirement that a beneficiary send notice of default.  The first purpose is to require the beneficiary to detail the existence of breach prior to invoking the power to sale and the second is to give the trustor notice of the obligations that the beneficiary claims have been

---

[7](...continued)
   (A) The amount of the unpaid balance of the obligation secured by the mortgage or deed of trust and the interest rate, together with the total amounts, if any, of all overdue installments of either principal or interest, or both.
   (B) The amounts of periodic payments, if any.
   (C) The date on which the obligation is due in whole or in part.
   (D) The date to which real estate taxes and special assessments have been paid to the extent the information is known to the beneficiary.
   (E) The amount of hazard insurance in effect and the term and premium of that insurance to the extent the information is known to the beneficiary.
   (F) The amount in an account, if any, maintained for the accumulation of funds with which to pay taxes and insurance premiums.
   (G) The nature and, if known, the amount of any additional charges, costs, or expenses paid or incurred by the beneficiary which have become a lien on the real property involved.
   (H) Whether the obligation secured by the mortgage or deed of trust can or may be transferred to a new borrower.

Cal. Civ. Code § 2943.

1  breached. <u>Anderson v. Heart Fed. Sav. & Loan Assoc.</u>, 208 Cal. App.
2  3d 202, 214 (1989). Despite the trustee requirement to mail
3  notice, "Civil Code sections 2924-2924(h), inclusive, do not
4  require actual receipt by a trustor of a notice of default or
5  notice of sale." <u>Lupertino v. Carbahal</u>, 35 Cal. App. 3d 742, 746
6  (1973). Even where notice does not abide by the statutory
7  requirements, it may be held to be valid notice if actually
8  received. <u>See</u> <u>Crummer v. Whitehead</u>, 230 Cal. App. 2d 264, 268
9  (1964) (citations omitted).
10     Here, Plaintiff has made contradictory allegations regarding
11 the Notice of Default and Notice of Sale. Plaintiff alleges that
12 the Notice of Default and Notice of Sale were never received.
13 (Compl. 7.) However, Plaintiff also alleges that she filed a
14 timely demand for a Beneficiary Statement. (Compl. 10.) For a
15 timely Beneficiary Statement request, Plaintiff must have been
16 informed that a Notice of Default was recorded. Moreover,
17 Plaintiff has attached a Notice of Sale to the Complaint. (Mot. to
18 Dismiss 11.) Here, the two purposes of notice, as outlined in
19 <u>Anderson</u>, were met because the beneficiary had recorded the default
20 with the county recorder and the Plaintiff was on notice with a
21 copy of the Notice of Default. Thus, on the allegations before the
22 Court, it appears that the service of Notice of Default and Notice
23 of Sale claims fail.

### 2. <u>Deed of Trust & Promissory Note</u>

25     Defendants argue that they have not violated the federal and
26 state predatory lending statutes referenced in the Complaint.
27 Plaintiff alleges in the second cause of action that the Deed of
28 Trust and Promissory Note are void and unenforceable and should be

13

cancelled because of statutory violations. (Compl. ¶ 27-28.) However, as previously discussed, Plaintiff's allegations for Predatory Lending based upon California Financial Code § 4970; Federal Truth in Lending Act, 15 U.S.C. § 1601(a); Home Ownership and Equity Protection Act, 15 U.S.C. § 1602; and Federal Trade Commission Act, 15 U.S.C. § 45 fail to state sufficient facts to state a cause of action that could survive a Federal Rule of Civil Procedure 12(b)(6) Motion. Thus, the statutory violation claims fail and the Complaint does not allege a valid reason for unenforceability of the Deed of Trust and the Power of Sale.

### 3. Possession of Promissory Note

Community is the holder of the Promissory Note and beneficiary of the Deed of Trust. (Mot. to Dismiss 11.) Quality is the beneficiary and trustee of the Deed of Trust. (Mot. to Dismiss 11; Compl. 6-7.) Plaintiff argues that Quality, as the trustee, was required to identify the beneficiary of the Deed of Trust to Plaintiff and was required to be in actual possession of the original Promissory Note prior to advancing a nonjudicial foreclosure. (Compl. ¶ 30.)

This case is governed by California Civil Code Section 2924, which "provide[s] a comprehensive framework for the regulation of a nonjudicial foreclosure sale." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). The California Supreme Court has determined that the statutory framework contained in the Civil Code encompasses the entirety of nonjudicial foreclosure requirements and that requests by a plaintiff for the addition of common law duties beyond the statutory scheme should be rejected. Residential Capital v. Cal-Western Reconveyance Corp., 108 Cal. App. 4th 807, 826 (2003)

("[T]he [California] Supreme Court has said that the Legislature intended to cover the entire subject area of nonjudicial foreclosures by statute and leave nothing for the courts."); see also I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal. 3d 281, 288 (1985) ("Trustees...need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to avoid embroiling the parties in time-consuming and costly litigation."). Under California statute, "no party needs to physically possess the promissory note." Sicairos v. NDEX West, LLC, 2009 WL 385855, *3 (S.D. Cal. 2009).

There is no statutory duty within California Civil Code Section 2924 for a trustee to identify the party in physical possession of the original promissory note prior to commencing a nonjudicial foreclosure. The California Supreme Court has warned courts against burdening trustees with requirements beyond the Legislative requirements. See Residential Capital, 108 Cal. App. 4th at 826. This Court therefore rejects Plaintiff's suggestion to require Quality to identify the holder of the original Promissory Note. Thus, Plaintiff has not pled a viable claim regarding the possession of the Promissory Note.

For the foregoing reasons, Plaintiff's second cause of action for Notice of Default and Notice of Sale fails to state enough facts for a plausible cause of action and is dismissed, with leave to amend, as to Defendants Quality and First American.

///

D.   Third Cause of Action: Cancellation of Instruments

Defendants argue that Plaintiff cannot rescind the mortgage because she has not offered to restore everything of value. Plaintiff alleges that the Notice of Default and Election to Sell Under Deed of Trust is void and unenforceable and should be cancelled because they are based on the Deed of Trust and Promissory Note, which was allegedly the product of statutory violations. (Compl. ¶ 33.) As discussed above, Plaintiff has not stated sufficient facts to state a cause of action regarding state or federal predatory lending statutes. Thus, Plaintiff's third cause of action for cancellation of instruments is dismissed, with leave to amend, as per Defendant's Quality and First American.

E.  Fourth Cause of Action: Quiet Title to Real Property

Plaintiff alleges that she has been seised of the Subject Property and therefore any and all claims asserting any right, title, interest or lien in the Subject Property, which may be adverse to Plaintiff's fee title, are void and unenforceable. (Compl. ¶ 36.) Plaintiff alleges that any claim, adverse to Plaintiff's, to title to the subject property is the product of a defective, deceptive and void transaction and is therefore void and unenforceable. Id.

A statutory action to quiet title seeks to "establish title against adverse claims to real property or any interest therein." Cal. Civ. Proc. Code § 760.020 (2009). Pursuant to the California Code of Civil Procedure, pleadings for a quiet title claim must meet certain requirements that are set out by statute. Cal. Code Civ. Proc. § 761.020. The complaint must be verified, and include: (1) the location and description of the subject property, (2) the

title the plaintiff seeks, (3) the adverse claims to the title against which a determination is sought, (4) the date as of which the determination is sought, and (5) the plaintiff's prayer for determination against the adverse claims. Id. A party verifies a pleading by swearing to the truth of the matters alleged in the pleading. Id. at § 7:10.

Here, Plaintiff has not met the statutory requirement that the Complaint be verified. Thus, Plaintiff's fourth cause of action to quiet title based on rescission is dismissed, with leave to amend, as to Defendants Quality and First American.

F.   Fifth Cause of Action: Accounting

Plaintiff alleges that she has previously requested an accounting and summary of the payoff balance being demanded by Defendants and is legally entitled to a timely accounting, as per California Civil Code Section 2943. (Compl. ¶ 39.) Section 2943 requires a beneficiary to prepare and deliver a beneficiary statement to any entitled person within 21 days of the written demand. Cal. Civ. Code § 2943 (2009). However, Section 2943(c) provides that, "if the loan is subject to recorded notice of default or a filed complaint commencing a judicial foreclosure, the beneficiary shall have no obligation to prepare and deliver this statement unless the written demand is received prior to the first publication of a notice of sale or the notice of the first date of sale established by a court." Cal. Civ. Code § 2943(c) (2009).

Plaintiff alleges that she made a timely request for a beneficiary statement from Quality but fails allege that her request for a beneficiary statement was made prior to the notice of

17

default. Notably, Plaintiff claims that she never received the Notice of Default but also alleges that she made a timely demand for a beneficiary statement. Since the subject loan is subject to a recorded notice of default, it appears from the allegations in the Complaint that Defendants are not statutorily required to provide Plaintiff with a beneficiary statement. Overall, Plaintiff's allegations are too conclusory under Twombly and Iqbal to state a claim. Therefore, the Court dismisses Plaintiff's fifth cause of action for Accounting, with leave to amend, as to Defendants Quality and First American.

G.   Sixth Cause of Action: Injunctive Relief

Plaintiff asserts that she is entitled to the right of peaceful possession of the Subject Property as a family residence and that the non-judicial foreclosure is void and unenforceable. (Compl. 11.)  "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."  Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942) (citations omitted); see also 5 Witkin, Cal. Proc. 5th (2008), Ch. V, § 822.

As previously discussed, Plaintiff does not have a cause of action against Defendants that can survive a Federal Rule of Civil Procedure 12(b)(6) Motion.  Since injunctive relief is a remedy that cannot stand alone without a cause of action, Plaintiff would need to have a cause of action in the Complaint that could survive a 12(b)(6) Motion in order for Injunctive Relief to be a cognizable remedy.  Therefore, Plaintiff's sixth cause of action for

1  Injunctive Relief is dismissed, with leave to amend, as per
2  Defendants Quality and American Title.

### H. Seventh Cause of Action: Damages

Plaintiff argues that Defendants are liable for damages as a consequence of violations of statute coupled with the non-judicial foreclosure activities. (Compl. ¶¶ 44-46.) Plaintiff therefore argues that she is owed damages on account of statutory violations of California Civil Code § 1632; the Home Ownership and Equity Protection Act; the Truth in Lending Act; and the Federal Trade Commission Act. Because Plaintiff has failed to state a cognizable cause of action under any of the aforementioned state or federal statutes, Plaintiff cannot maintain Damages as a cause of action against a 12(b)(6) Motion and her seventh cause of action is dismissed, with leave to amend, as per Defendants Quality and American Title.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants Quality and American Title's Motions to Dismiss. This Court dismisses Plaintiff's seven causes of action against Defendants Quality and American Title without prejudice.

IT IS SO ORDERED.

Dated: August 12, 2009

　　　　　　　　　　　　　　　　　　DEAN D. PREGERSON
　　　　　　　　　　　　　　　　　　United States District Judge